**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**JOSE DIAZ ROSADO**
FCI Fort Dix
5756 Hartford & Pointville RD
Joint Base MDL, NJ 08649
Inmate No. 80729-053

        Plaintiff

**V.**

**U.S. DEPARTMENT OF JUSTICE**
Robert F. Kennedy Department of Justice Building
950 Pennsylvania Ave.
NW Washington, D.C. 20520

**Robert M. Wilkinson in his official capacity as U.S. Secretary of Justice**
Robert F. Kennedy Department of Justice Building
950 Pennsylvania Ave.
NW Washington, D.C. 20520

        Defendants

FREEDOM OF INFORMATION
COMPLAINT
(5 U.S.C. § 552)

Civil Action No. 1:21-cv-227

**COMPLAINT AND FOR INJUNCTIVE RELIEF**

**TO THE HONORABLE COURT:**

Under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.,* Plaintiff, José Díaz Rosado hereby alleges and complains against the United States Department of Justice as follows:

**I.   INTRODUCTION**

**1**.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq.*, seeking the production of agency records wrongfully withheld by defendant

United States Department of Justice ("DOJ"), specifically it's component the Department of Homeland Security ("HSI"), in response to requests properly made by Plaintiff.

2.      This Freedom of Information Act request is crucial for Plaintiff's evidentiary hearing of his petition under 28 U.S.C. §2255 (19-22110-CV-MOORE & 19-20607-CR-MOORE/BECERRA), and   to corroborate a sequence of prosecutorial misconduct events on two criminal cases against Plaintiff (FL-13-20607 & PR-13-573).

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. § 1331.

4.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391(e) as the information in question lies in the physical and digital records of the HSI and DEA offices in 2707 Martin Luther King Jr. AVE SE, Washington, DC 20528-065, and 115, LOC Building, Washington D.C. 20530-0001.

5.      The DOJ failed to respond to Plaintiff's FOIA request in the time allotted by statute. Therefore, Plaintiff is deemed to have exhausted all administrative remedies pursuant to 5 §522(a)(6)(c).

## III. PARTIES

6.      Plaintiff José Díaz is currently serving a twenty (20) years sentence from the U.S. Southern District of Florida (FL-13-20607) and a 108 months sentence from the U.S. District of Puerto Rico (PR-13-573.) He is confined at FCI Fort DIX (New Jersey). His inmate registration number is 80729-053.

7.      Defendant United States Department of Justice DOJ is a department of the executive branch of the U.S. Government and an agency within the meaning of 5 U.S.C. § 552(f)(1) and is in possession and/or control of the records requested by Plaintiff. DOJ

controls— and consequently serves as the proper party defendant for litigation purposes for— the HSI and DEA. Co Defendant Robert M. Wilkinson is the Attorney General of the U.S. Department of Justice and is brought into this claim in his official capacity as head of the government agency. The United States Department of Justice is the federal executive department responsible for the enforcement of the law and administration of justice in the United State and is located at Robert F. Kennedy Department of Justice Building, 950 Pennsylvania Ave., NW Washington, D.C. 20520.

## IV. FACTUAL BACKGROUND

**8.** On December 31, 2019 Plaintiff submitted a FOIA request letter to DOJ seeking the following:

A. Copies of all documents, correspondence, records and/or communications from January 1, 2013 to the present relating to [Plaintiff]'s cooperation and certification as a Confidential Source, with specific emphasis on:

  a. **Jose Figueroa**, HSI agent;
  b. **Lorna Emmanuelli**, HSI Special agent;
  c. **Tim Henwood**, Department of Justice Assistant United States Attorney;
  d. **Dina Avila**, Department of Justice Assistant United States Attorney;
  e. **Sam Gannelli**, Drug Enforcement Administration Special Agent, and
  f. **Brent Iglehart,** HSI Special Agent.

B. Copies of all documents, correspondence, records and/or communications related to Mr. Díaz's Suitability Determination, pursuant to *Attorney General's Guidelines Regarding the Use of FBI Confidential Human Source,* Information Gathered § II(A)(1)

C. All memoranda, logs, reports, records, notes, summaries, transcriptions, TWX communications, airtels, and written, recorded or wire communications of any nature whatsoever which were made by any HSI, DEA or DOJ agents, or any other U.S. employee with respect to any statement or conversations or other information related to Mr. Díaz cooperation.

D. Copy of Mr. Díaz's Confidential Source Agreement.

E. All other documents not described above, which are related to Mr. Díaz's cooperation with law enforcement agencies from January 2013 to the present.

**9.**      On December 31, 2020, Plaintiff's FOIA requested was confirmed, and a tracking number was provided (EOUSA-2020-000949).

**10.**      On January 6, 2020, the undersigned counsel received correspondence from the FOIA administration that the request for expedited processing of the FOIA request had been denied.

**11.**      Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant is required to respond to Plaintiff's FOIA request within 20 working days.

**12.**      Upon searching the FOIA's tracking website, Plaintiff learned that his FOIA request was denied based on exemptions. See https://foiaonline.gov/foiaonline/action/public/search

**13.**      In sum, Plaintiff seeks information regarding his own cooperation as a confidential informant for the Government.

**14.**      The disclosure herby requested is allowed and does not fall within the "confidential source" Exemption 7(D) of FOIA (5 U.S.C.A. §552(b)(7)(B)), since he is the applicant requesting the information related to his own cooperation as a confidential informant.  In doing so he waives any privilege the exemption seeks to protect. Moreover, any objection to Plaintiff's request will deprive him of an impartial adjudication of his criminal case.

<u>**COUNT 1**</u>
**Violation of FOIA, 5 U.S.C. §552**
**Failure to Conduct Adequate Searches for Responsive Records**

**15.**      Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

**16.**      Plaintiff properly requested records within the possession, custody, and control of DOJ.

**17.** DOJ is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

**18.** DOJ has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

**19.** DOJ's failure to conduct an adequate search for responsive records violates FOIA and DOJ regulations.

**20.** The requested records are not exempt under FOIA.

**21.** Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

### COUNT 2
### Violation of FOIA, 5 U.S.C. §552
### Wrongful Withholding for Nonexempt Responsive Records.

**22.** Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

**23.** Plaintiff properly requested records within the possession, custody, and control of DOJ.

**24.** DOJ is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

**25.** DOJ is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff.

**26.** DOJ's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

**27.**    Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under the claim of exemption.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff, JOSE DIAZ ROSADO, respectfully requests this Honorable that it:

**(1)** Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request;

**(2)** Order Defendant to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to Plaintiff's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

**(3)** Enjoin Defendant from continuing to withhold all non-exempt records responsive to Plaintiff's FOIA request;

**(4)** Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

**(5)** Grant Plaintiff such other relief as the Honorable Court deem just and proper.

**Respectfully Submitted.**

## CERTIFICACTION

We hereby inform that on this date we have uploaded and filed the foregoing using the CM/ECF system for record keeping and notice to all parties.

/S/Jean Paul Vissepo Garriga/
**JEAN PAUL VISSEPO GARRIGA**

U.S.D.C.-D.C.. No. PR-0001
PO Box 36711
San Juan, PR 00907

DATED: January 25, 2021                    Tel. (787) 633-9601 / E-mail: jp@vissepolaw.com